**Noor AKRAMI, Petitioner,**

**v.**

**Michael CHERTOFF, Secretary of Department of Homeland Security, Alberto R. Gonzales, Attorney General of the United States, Thomas Decker, Director of Detention & Removal of the Philadelphia Office of Immigration Customs & Enforcement, and the Department of Homeland Security, Respondents.**

No. 05–2853–ag.

United States Court of Appeals,
Second Circuit.

June 12, 2006.

Steven A. Morley, Philadelphia, Pennsylvania, for Petitioner.

PRESENT: Hon. JAMES L. OAKES, Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Noor Akrami (A24–615–173), through counsel, petitions for review of the February 2004 BIA decision affirming Immigration Judge ("IJ") Patricia A. Rohan's decision denying his motion to reopen deportation proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a brief opinion affirming and adopting an IJ's decision, this Court reviews "the two decisions together—including 'the portions [of the IJ's decision] not explicitly discussed by the BIA.'" *Diallo v. Gonzales,* 445 F.3d 624, 628 (2d Cir.2006) (quoting *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394–95 (2d Cir.2005) (per curiam)). This Court reviews the denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). Underlying questions of law and application of law to undisputed fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Under § 106(c) of the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 302, we are required to treat Akrami's petition as if it had been filed pursuant to 8 U.S.C. § 1252. Because Akrami is deportable due to a conviction for a violation relating to a controlled substance, *see* 8 U.S.C. § 1227(a)(2)(B)(i), this Court lacks jurisdiction to review his petition, except to the extent that he raises constitutional challenges and questions of statutory interpretation. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006).

█ Akrami's ineffective assistance of counsel argument is reviewable because it implicates the due process clause of the Fifth Amendment; his former counsel's performance may be deemed ineffective only if he establishes that it "impinged upon the fundamental fairness of the hearing." *Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000). Such a violation is demonstrated by a showing that (1) "competent counsel would have acted otherwise," and (2) the alien was "prejudiced by . . . counsel's performance." *Id.* at 128–29. Yet, even assuming Akrami established that he was prejudiced by his prior counsel's performance, the IJ acted within her discretion in finding that Akrami failed to exercise due diligence in bringing this claim. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). Akrami did not bring his motion to reopen until 2003, more than ten years after the results of his 1991 FOIA request. As the IJ properly emphasized, the results of Akrami's 1991 FOIA request should have put him on notice of his ineffective assistance claim at that time. *See Iavorski,* 232 F.3d at 134 (filing deadline for motion to reopen will be equitably tolled until the ineffective assistance "is, or should have been, discovered by a reasonable person in the situation"). Because of his failure to exercise due diligence, the IJ was correct in finding Akrami was not entitled to equitable tolling of the deadline for his motion to reopen. *See id.* at 135; *see also Cekic,* 435 F.3d at 170 (instructing that in addition to showing a violation of alien's constitutional right to due process, alien must also demonstrate due diligence in pursuing a claim of ineffective assistance of counsel). Therefore, the IJ did not abuse her discretion insofar as she denied the motion based on ineffective assistance.

█ Moreover, the IJ did not abuse her discretion in denying the motion insofar as Akrami requested reopening to apply for asylum and withholding based on changed country conditions in Afghanistan. In 1996, the INA was amended to provide that an aggravated felony conviction is considered to be *per se* a particularly seri-

ous crime that bars an alien from asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i), and drug trafficking crimes and related conspiracies are defined as aggravated felony offenses. *See* 8 U.S.C. § 1101(a)(43)(B), (U). As IIRIRA § 321(b) made the definition of "aggravated felony" retroactive to cover all crimes, regardless of the date of commission, *see, e.g., Brown v. Ashcroft,* 360 F.3d 346, 353–54 (2d. Cir.2004), Akrami was clearly barred from asylum in 2003. Likewise, the IJ did not abuse her discretion in finding that Akrami was also barred from withholding, having been convicted of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B). Although a crime is not automatically considered "particularly serious" when the alien is sentenced to a period of less than five years, the Attorney General has determined that drug trafficking crime is *per se* "particularly serious," unless the alien can demonstrate exceptional circumstances—such as a minimal quantity of drugs and merely peripheral involvement—not present here. *See Matter of Y–L–, A–G–, and R–S–R–,* 23 I. & N. Dec. 270, 274–77, 2002 WL 358818 (BIA 2002). Therefore, even if Akrami could establish that current conditions in Afghanistan would give rise to a well-founded fear or clear probability of persecution, he was barred from bringing an asylum or withholding claim in 2003.

█ Finally, we lack jurisdiction to review Akrami's arguments concerning his CAT claim, because he raises only factual contentions concerning eligibility. The IJ denied the motion insofar as it requested reopening in order to apply for CAT relief, because it was untimely. *See* 8 C.F.R. § 1208.18(b)(2)(i) (allowing aliens whose removal orders became final prior to March 22, 1999, to move to reopen proceedings for purposes of applying for CAT relief, but setting filing deadline for such motions at June 21, 1999). Akrami, who

filed his motion in 2003, does not make any arguments regarding the proper interpretation of this regulation, nor does he argue that it was unconstitutional as applied to him. Review of his purely factual arguments is precluded under 8 U.S.C. § 1252(a)(2)(C)-(D).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).